UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED ANWAR, an individual,

    Plaintiff,

v.                                                  Case No.

MAC'S CONVENIENCE STORES, LLC
d/b/a CIRCLE K;

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mohammed Anwar ("Anwar" or "Plaintiff"), hereby sues Defendant, MAC's Convenience Stores, LLC d/b/a Circle K ("Circle K" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), to redress Defendant's unlawful employment practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 & 1345.

3. Venue is appropriate in this Court and in this District pursuant to 28 U.S.C. §1391(b) because Defendant is located and operates business in Cook County, Illinois.

4. Circle K is a foreign corporation incorporated in Delaware with its principal office located at 4080 W. Jonathan Moore Pike, Columbus, IN 47201.

5. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for the relevant time period contained in this Complaint. Said differently, Defendant is subject to the FLSA.

6. During the times relevant to this Complaint, Defendant employed more than two employees and have generated more than $500,000.00 in revenues in each of the three years preceding the filing of this action.

7. At all times relevant to this Complaint, Defendant has and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

8. Throughout his employment with Defendant, Plaintiff was employed at Defendant's Circle K convenience store located at 7201 West North Ave., River Forrest, Illinois.

9. Circle K's unlawful conduct occurred within the Eastern Division of this Court.

10. Plaintiff has performed all conditions precedent necessary to the maintenance of this action under Title VII, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and receipt of a Notice of Right to Sue (attached as **Exhibit "A"**) from same with respect to said charge and the timely filing of this action.

## PARTIES

11. Plaintiff is a Pakistani male who has been employed by Circle K since approximately 2008 and has been working as a Store Manager for Circle K in River Forrest, Illinois since 2012.

12. Circle K is Plaintiff's employer within the meaning of Title VII and the FLSA and has been Plaintiff's employer at all times relevant to this action.

## FACTUAL BACKGROUND

13. Plaintiff, a Pakistani male, was hired by Circle K in approximately 2008 and has been working as a Store Manager at the Circle K store located at 7201 West North Ave., River Forrest, Illinois since 2012.

14. Throughout his employment with Circle K Plaintiff has performed his job duties

in an exemplary manner.

15. When Plaintiff began working as a Store Manager at the Circle K store located at 7201 West North Ave., River Forrest, Illnois, his supervisor, Mohammed Ahmed, began to harass Plaintiff on the basis of his national origin.

16. Mr. Ahmed constantly accused Plaintiff of lying and stealing and made negative and racist comments to Plaintiff with regard to his Pakistani nationality.

17. Mr. Ahmed told Plaintiff that he does not have an education because of his Pakistani background.

18. Mr. Ahmed treated Plaintiff differently as compared to his Caucasian co-workers who were readily granted transfers to other Circle K store locations while Plaintiff's requests for transfers have been repeatedly denied.

19. Mr. Ahmed's harassing and discriminatory conduct toward Plaintiff intensified in June of 2014 after Plaintiff joined a collective action lawsuit brought against Circle K, *Barends, et al. v. Circle K Stores, Inc.* (Case No. 8:13-cv-01623-MSS-TBM), for unpaid wages in violation FLSA.

20. After Mr. Ahmed learned that Plaintiff joined the collective action as an opt-in plaintiff he took away many of the job duties that Plaintiff had been performing as a Store Manager.

21. Mr. Ahmed hired a second Store Manager to perform many of the job duties that Plaintiff had been performing as a Store Manager.

22. In retaliation for joining a collective action lawsuit against Circle K, Mr. Ahmed required Plaintiff to clean bathrooms, wipe gas pumps, sweep leaves and perform other menial job tasks which were otherwise assigned to cashiers.

23. When Plaintiff confronted Mr. Ahmed about having to perform menial job duties, which were outside the scope of his job duties as a Store Manager, Mr. Ahmed became incensed and told Mr. Anwar that "Pakistani people are only good for wiping walls."

24. Plaintiff has been damaged as a direct and proximate result of Circle K's illegal actions.

25. Plaintiff has retained the undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said services.

## COUNT I – VIOLATION OF TITLE VII
## DISCRIMINATION BASED ON NATIONAL ORIGIN

26. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 11 through 25 of the Complaint.

27. The actions of Defendant, by and through the conduct of Defendant's agents, employees, supervisors, officers, and directors (such persons collectively referred to as "agents" hereinafter) as described herein were based on Plaintiff's national origin.

28. The "terms, conditions and privileges" of Plaintiff's employment were unreasonably and unjustifiably affected as a result of his disparate treatment as compared to other employees outside of his protected class which was perpetuated and ratified by Defendant and its agents, all of which were in violation of Title VII, 42 U.S.C.A. 2000e (2)(a)(1).

29. The actions of Defendant and its agents were based on their knowledge of Plaintiff being Pakistani.

30. Plaintiff was discriminated against in a disparate manner by Defendant as compared to non-Pakistani employees.

31. Likewise, Defendant's failure to undertake prompt and remedial action to correct the disparate treatment towards Plaintiff constitutes a violation of Title VII.

32. As a direct, proximate and foreseeable result of Defendant's and its agent's actions, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

33. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter it, and others, from such actions in the future.

**WHEREFORE**, Plaintiff, Mohammed Anwar, requests this Honorable Court to:

a. Award judgment for Plaintiff and against Defendant and requiring Defendant to pay to Plaintiff compensatory and punitive damages;

b. Grant Plaintiff his costs and an award of reasonable attorney's fees under Title VII; and

c. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT II – VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FLSA 29 U.S.C. §215(a)(3)

34. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 11 through 25 of the Complaint.

35. Section 215(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

36. The penalties for an FLSA retaliation action, unlike most other FLSA claims, can include compensatory and punitive damages. As the Seventh Circuit said in *Travis v. Gary Community Mental Health Ctr., Inc.*: "any employer who violates the provisions of §15(a)(3) of the Fair Labor Standards Act, 29 U.S.C.S. § 215(a)(3), shall be liable for such legal and equitable

relief as may be appropriate to effectuate the purposes of §15(a)(3), including without limitation employment, reinstatement, or promotion and the payments of wages lost and an additional equal amount as liquidated damages. Pub. L. 95-151, 91 Stat. 1252 (1977). This amendment authorizes "legal" relief, a term commonly understood to include compensatory and punitive damages." 921 F.2d 108, 111 (7th Cir. Ind. 1990).

37. As a direct result of Plaintiff joining the collective action lawsuit entitled, *Barends, et al. v. Circle K Stores, Inc.* (Case No. 8:13-cv-01623-MSS-TBM), Plaintiff was subjected to retaliation to include, but not limited to, having his job duties and responsibilities taken away as a Store Manager.

38. The unlawful employment practices complained of herein and the actions of the Defendant were wanton, willful, intentional, and malicious or with reckless indifference to Plaintiff's rights and/or well-being.

39. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, Mohammed Anwar, requests this Honorable Court to:

a. Award Plaintiff compensatory and punitive damages for humiliation, pain and suffering and mental anguish;

b. Award Plaintiff prejudgment interest;

c. Award Plaintiff liquidated damages; and

d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Dated this 10th day of April 2015.

>	*/s/ Bradley A. Tobin,*
>	Bradley A. Tobin, Esquire
>	FBN: 0101818
>	Email: btobin@ffmlawgroup.com
>	Feldman Law Group PA
>	Westshore Center ("WSC")
>	1715 North Westshore Boulevard,
>	Suite 400
>	Tampa, Florida 33607
>	Tele: (813) 639-9366
>	Fax: (813) 639-9376
>	Attorneys for Plaintiff